IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **AKOLOUTHEO, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BADGER METER, INC.,**<br><br>Defendant. | **CIVIL ACTION NO.: 6:20-cv-943**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement, in which Akoloutheo, LLC ("Akoloutheo" or "Plaintiff") makes the following allegations against Badger Meter, Inc. ("Badger," or "Defendant.")

## PARTIES

2. Plaintiff Akoloutheo is a Texas limited liability company having its primary office at 15139 Woodbluff Drive, Frisco, Texas 75035. Plaintiff's owner and sole operator is Rochelle T. Burns.

3. On information and belief, Defendant Badger Meter, Inc. is a Wisconsin corporation having a principal place of business at 4545 West Brown Deer Road, Milwaukee, Wisconsin 53224. On information and belief, the registered agent for service of process in Texas for Badger Meter, Inc. is Corporation Service Company d/b/a CSC, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b), specifically. On information and belief, Defendant maintains a regular and established place of business in this Judicial District and has committed acts of patent infringement in this

Judicial District by using, selling and/or offering for sale infringing devices and instrumentalities to customers in this Judicial District.

6.  Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their presence and substantial business in this forum, including: (i) maintaining a physical presence in this forum; (ii) committing at least a portion of the infringements in this forum; and (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,088,239

7.  Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,088,239 ("the '239 Patent") entitled "Method and Apparatus for All-purpose, Automatic Remote Utility Meter Reading, Utility Shut Off, and Hazard Warning and Correction" – including all rights to recover for past, present and future acts of infringement. The '239 Patent issued on August 8, 2006, and has a priority date of March 2, 2004. A true and correct copy of the '239 Patent is attached as Exhibit A.

8.  Badger imports, provides, supplies, distributes, offers for sale, sells, and/or provides access to methods and apparatuses for automatic remote utility meter reading and reporting ("Badger Metering Devices") and "advanced metering infrastructure" ("AMI") methods and apparatuses.

9.  Defendant directly – or through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents – has used, operated, imported, provided, supplied, distributed, offered for sale, sold, and/or provided access to Badger Metering Devices and related methods and apparatuses.

10. A Badger Beacon® utility metering network incorporates a network of Badger networking devices connected to an array of Badger Metering Devices.



11. Together, Badger networking devices and Badger Metering Devices deliver two-way communication and time synchronization within a Badger Beacon® utility metering network. Badger devices provide regular reports with detailed information on utility usage, including alarms relating to hazards and anomalies, including but not limited to alarms related to potential leaks, flow, pressure and temperature.

## METER ALARMS

E-Series Ultrasonic meter alarms appear on the display as icons that illuminate when the condition occurs. Alarms are displayed for the number of days listed in the table below. Alarms also appear as 3-character codes on the alarm and operating mode screen. See *"Alarm and Operating Mode Screen" on page 10* and *"Alarm Codes" on page 15*.

Alarms are sent as part of the encoder message to AMR/AMI systems that are capable of receiving an extended message, such as ORION Cellular, Fixed Network (SE) and Migratable (ME) endpoints. The details can also be read through an IR interface.

**NOTE:** Meters are delivered in storage mode so that an alarm is not triggered. In storage mode, the meter LCD displays an empty pipe icon, but no error code is sent to the endpoint.

For alarms reported within BEACON, refer to BEACON Help at *beaconama.net*.

### Alarm Codes

Alarm codes are shown on the alarm and operating mode screen. See *"Alarm and Operating Mode Screen" on page 10*. Contact Badger Meter Technical Support for any codes not listed here.

| Code | Description | Code | Description | Code | Description |
|---|---|---|---|---|---|
| 001 | Empty pipe | 010 | Reverse flow | 083 | Empty pipe, Temperature, Measurement error |
| 002 | Temperature | 011 | Empty pipe, Reverse flow | 089 | Empty pipe, No usage, Measurement error |
| 003 | Empty pipe, Temperature | 012 | Temperature, Reverse flow | 0C0 | Program alert, Measurement error |
| 004 | End of life | 013 | Empty pipe, Temperature, Reverse flow | 100 | Pressure |
| 008 | No usage | 018 | No usage, Reverse flow | 101 | Empty pipe, Pressure |
| 009 | Empty pipe, No usage | 020 | Suspected leak | 140 | Program alert, Pressure |
| 00A | Temperature, No usage | 040 | Program alert | 150 | Reverse flow, Program alert, Pressure |
| 00B | Empty pipe, Temperature, No usage | 080 | Measurement error | 200 | Exceeding max flow |
| 00C | End of life, No usage | 081 | Empty pipe, Measurement error | 202 | Temperature, Exceeding max flow |
| 00D | Empty pipe, End of life, No usage | 082 | Temperature, Measurement error | 204 | End of life, Exceeding max flow |
| | | | | 300 | Pressure, Exceeding max flow |

12. On information and belief, components and services of Badger devices within a Badger Beacon® Network include mechanisms and systems for generating alarms and alerts, managing communications, message parsing and routing, reporting, analytics, diagnostics, logging and security.

13. The Badger Beacon® Network, made, used, offered and sold by Defendant, is specifically designed for metering and reporting utility usage.  In particular, the Badger Beacon® Network is directed to metering and reporting water usage using Badger's E-Series and Recordall metering encoders connected to Badger's Orion endpoints:



14. The Badger Beacon® Network incorporates data transmission capability for sending information from Badger Metering Devices to remote data collection computers.

> Smart water metering systems are comprised of meters, endpoints, a data collection system and system management. Water meters measure water flow 24/7. The accompanying endpoints collect the flow data and securely transmit it to the data collection system at routine intervals. Within the smart water data collection system, utilities can monitor their network to identify leaks, address issues and bill customers more accurately.

15. The Badger Beacon® Network incorporates data reception capability for the reception of utility usage information within remote data collection computers running Beacon® data collection software.

16. On information and belief, the Badger Beacon® Network incorporates the capability to confirm successful transmission and receipt of utility data sent from Badger Orion endpoints, to retransmit failed transmissions and to generate notice of repair needs.

17. On information and belief, Badger Metering Devices provided by Defendant is operable to provide notification of a failed communication and need for correction / repair in the event that transmission of data is not successful.

18. The Badger Beacon® Network is operable to monitor utility usage and establish utility usage data.

19. The Badger Beacon® Network is operable to process utility usage data.

20. The Badger Beacon® Network is operable to transmit data between nodes within the network.

21. On information and belief, the Badger Beacon® Network is operable to transmit signals confirming the reception of data.

22. On information and belief, Badger Metering Devices are operable to repeat transmission of data in the event confirmation of receipt of the data is not successfully received.

23. The Badger Metering Devices and Badger Beacon® Network infringe one or more claims of the '239 Patent.

24. Defendant's use, operation, import, provision, supply, distribution, offer for sale, sale and/or provision of access to Badger Metering Devices and the Badger Beacon® Network has been conducted without license, authority or permission of Akoloutheo.

25. Defendant's unauthorized and unlicensed use, operation, import, provision, supply, distribution, offer for sale, sale and/or provision of access to Badger Metering Devices and the Badger Beacon® Network methods and apparatuses covered by the '239 Patent constitutes patent infringement under 35 U.S.C. § 271.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the '239 Patent;

  b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '239 Patent;

  c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '239 Patent as provided under 35 U.S.C. § 284;

  d. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

  e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

  f. Any and all other relief to which Plaintiff may show itself to be entitled.

Dated:  October 12, 2020    Respectfully Submitted,

        By: <u>/s/ Kenneth Thomas Emanuelson</u>
        Kenneth Thomas Emanuelson
        Texas State Bar No. 24012591
        THE EMANUELSON FIRM, P.C.
        17304 Preston Road, Suite 800
        Dallas, Texas 75252
        469-363-5808
        Ken@Emanuelson.us

        **ATTORNEY FOR PLAINTIFF**
        **AKOLOUTHEO, LLC**